**Asminda VERASTEGUI–
VALLE, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney
General, Respondent.**

No. 13–70238.

United States Court of Appeals,
Ninth Circuit.

Submitted July 22, 2014.*

Filed July 28, 2014.

Zulu Ali, Zulu Abdullah Ali, Riverside, CA, for Petitioner.

Justin Robert Markel, Trial, OIL, Enitan Otunla, Trial, U.S. Department of Justice, Washington, DC, Chief Counsel Ice, Office of the Chief Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: GOODWIN, CANBY, and CALLAHAN, Circuit Judges.

MEMORANDUM **

Asminda Verastegui–Valle, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") order denying her motions to reopen. Our jurisdiction is governed by 8 U.S.C. § 1252. We review for abuse of discretion the BIA's denial of a motion to reopen, *Najmabadi v. Holder*, 597 F.3d 983, 986 (9th Cir.2010), and review de novo claims of due process violations in immigration proceedings, *Zetino v. Holder*, 622 F.3d 1007, 1011 (9th Cir.2010). We deny in part and dismiss in part the petition for review.

The BIA did not abuse its discretion in denying Verastegui–Valle's untimely motions to reopen because she did not establish materially changed circumstances in Mexico to qualify for the regulatory exception to the time limit. *See* 8 C.F.R. § 1003.2(c)(3)(ii); *Najmabadi*, 597 F.3d at 990 (evidence lacked materiality because it recounted "generalized conditions" that did not show petitioner's situation was "appreciably different from the dangers faced by her fellow citizens") (internal citation and quotations omitted); *Carrillo–Gonzalez v. INS*, 353 F.3d 1077, 1079 (9th Cir.2003) (arguments of counsel do not constitute evidence). We reject Verastegui–Valle's contention that the BIA violated due process by depriving her of the review of her case. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir.2000) (requiring error to prevail on due process challenge to proceedings).

We lack jurisdiction to review Verastegui–Valle's contention that she was denied the right to counsel because she failed to raise this issue to the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir.2004) (no jurisdiction over claims not presented below).

Further, we reject Verastegui–Valle's due process contentions that she did not knowingly waive her applications for relief from removal and did not receive competent translation services. *See Lata*, 204 F.3d at 1246. Finally, contrary to her contention, the BIA addressed and rejected her claim that her due process rights were violated in prior proceedings.

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

PETITION FOR REVIEW DENIED in part; DISMISSED in part.

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.